In the Matter of NOEL ALEXANDER, SR., Respondent, v MARTHA ALEXANDER, Appellant. [880 NYS2d 100]—

In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Currier-Woods, J.), entered May 12, 2008, as, after a hearing, granted that branch of the petition which was to modify the visitation schedule provided in the parties' stipulation of settlement dated June 11, 2003, which was incorporated but not merged into the judgment of divorce, and directed the enrollment of the child in a Big Brothers of America program through the Boys and Girls Club.

Ordered that the order is modified, on the law, by deleting the provision thereof directing the enrollment of the child in a Big Brothers of America program through the Boys and Girls Club; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A court may modify an order awarding custody and visitation upon a showing that there has been a subsequent change of circumstances and that modification is required (see Family Ct Act

§ 652 [b]; *Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]). The standard to be applied is the best interests of the child, which is to be determined based on the totality of the circumstances (*Matter of Wilson v McGlinchey*, 2 NY3d at 381).

Here, the Family Court properly determined that it was in the best interests of the child to modify the visitation schedule (*id.*; *Matter of Keylikhes v Kiejliches*, 25 AD3d 801 [2006]). However, the Family Court was without authority to direct the enrollment of the child in the Big Brothers of America program through the Boys and Girls Club, as the father did not request this relief in his petition (*see Matter of McAteer v Condon*, 296 AD2d 412 [2002]). Mastro, J.P., Miller, Chambers and Austin, JJ., concur.