■ In the Matter of MICHELLE KREISCHER, Respondent, v DAVID PERRY, Appellant. (Proceeding No. 1.) In the Matter of DAVID PERRY, Appellant, v MICHELLE KREISCHER, Respondent. (Proceeding No. 2.) [924 NYS2d 794]—

In related child custody proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Orlando, R.), dated July 1, 2010, which, after a hearing, granted the mother's petition for sole custody of the parties' child and, in effect, denied his petition for sole custody of the child.

Ordered that the order is affirmed, with costs to the mother.

The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Julie v Wills*, 73 AD3d 777 [2010]; *Matter of Louis M. v Administration for Children's Servs.*, 69 AD3d 633, 634 [2010]). Factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent (*see Eschbach v Eschbach*, 56 NY2d at 171-172; *Matter of Francois v Hall*, 73 AD3d 1055 [2010]; *Matter of Elliott v Felder*, 69 AD3d 623 [2010]). Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Otero v Nieves*, 77 AD3d 756, 756-757 [2010]; *Matter of Julie v Wills*, 73 AD3d at 777).

Contrary to the father's contention, the Family Court's determination to award sole custody of the infant child to the mother has a sound and substantial basis in the record. Significantly, the Family Court concluded, based on a credibility determination to which we accord great deference, that the mother was more willing than the father to assure meaningful contact between the child and the other parent (*see Matter of Pappas v Kells*, 77 AD3d 952, 953-954 [2010]; *Matter of Tori v Tori*, 67 AD3d 1021, 1021 [2009]; *Matter of Honeywell v Honeywell*, 39 AD3d 857 [2007]). Furthermore, the Family Court was not required to sua sponte order a forensic evaluation of the mother, as there was no discernable legitimate purpose for a court-ordered forensic evaluation in this case, and the Family Court possessed sufficient information to render an informed decision regarding custody consistent with the subject child's best interests (*see* Family Ct Act § 251; *Matter of Pappas v Kells*, 77 AD3d at 954; *Matter of Rhodie v Nathan*, 67 AD3d 687 [2009]; *cf. Matter of Nalty v Kong*, 59 AD3d 723, 724 [2009]). Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.

---

Motion by the attorney for the child to strike the appellant's reply brief on an appeal from an order of the Family Court, Suffolk County, dated July 1, 2010, on the ground that it improperly raises arguments for the first time on appeal and refers to matter dehors the record. By decision and order on motion of this Court dated February 9, 2011, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.