■ In the Matter of FRANK C. MAIO, Appellant, v JENNIFER A. DeCRESCENZO, Respondent. [954 NYS2d 616]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (Bennett, J.), dated November 30, 2011, as, upon a decision of the same court dated September 9, 2011, made after a hearing, denied that branch of his petition which was to modify the visitation provisions set forth in a so-ordered stipulation dated November 19, 2008, which was incorporated but not merged into the parties' judgment of divorce dated March 23, 2009, so as to award him unsupervised visitation with the parties' son in Florida.

Ordered that on the Court's own motion, the notice of appeal from the decision dated September 9, 2011, is deemed a premature notice of appeal from the order dated November 30, 2011 (*see* CPLR 5520 [c]); and it is further,

Ordered that the order dated November 30, 2011, is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the Family Court providently exercised its discretion in denying that branch of his petition which was for unsupervised visitation with the parties' son in Florida. At the time of the filing of the subject petition, the son was three years old and had only experienced supervised visitation with the father for one hour each week in New York. "The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances" (*Matter of Boggio v Boggio*, 96 AD3d 834, 835 [2012]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]; *Galanti v Kraus*, 85 AD3d 723, 724 [2011]; *Matter of Alexander v Alexander*, 62 AD3d 866, 866-867 [2009]). Here, the father currently has some unsupervised visitation with the son in New York, and it is in the son's best interests to have gradually

increasing unsupervised visitation with the father in New York (*cf. Matter of Aguirre v Romano*, 73 AD3d 912, 914-915 [2010]). Mastro, J.P., Rivera, Chambers and Lott, JJ., concur.