■ In the Matter of SABRINA R. MITCHELL, Appellant, v RODNEY L. MITCHELL, Respondent. (Proceeding No. 1.) In the Mat-

ter of RODNEY MITCHELL, Respondent, v SABRINA MITCHELL, Appellant. (Proceeding No. 2.) [978 NYS2d 876]—

"[T]he paramount concern in adjudicating custody disputes is the best interests of the child (see Domestic Relations Law § 70; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93-95 [1982]; *Matter of Taylor v Lumba*, 309 AD2d 941 [2003]; *Mauter v Mauter*, 309 AD2d 737 [2003]). The determination of the trial court is entitled to great deference and should not be disturbed unless it lacks a sound and substantial basis in the record (see *Kaplan v Kaplan*, 21 AD3d 993, 994 [2005]; *Miller v Pipia*, 297 AD2d 362, 364 [2002])" (*Matter of Rodriguez v Guerra*, 28 AD3d 775, 776 [2006]).

"Factors to be considered in determining the child's best interest include: 'the quality of the home environment and the parental guidance the custodial parent provides for the child . . . the ability of each parent to provide for the child's emotional and intellectual development . . . the financial status and ability of each parent to provide for the child . . . the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect' (*Matter of Lobo v Muttee*, 196 AD2d 585, 587 [1993], quoting *Matter of Krebsbach v Gallagher*, 181 AD2d 363, 364-365 [1992]; see also *Eschbach v Eschbach* [56 NY2d 167]). Moreover, a court should be mindful that 'the existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances' (*Eschbach v Eschbach* [56 NY2d] at 174)" (*Matter of Walton v Walton*, 306 AD2d 491, 492 [2003]).

Here, there is a sound and substantial basis for the Family Court's determination that it is in the best interest of the parties' children for the father to have sole custody of them, based on, inter alia, the unrefuted evidence that his living situation and employment are considerably more stable than that of the mother. While the attorney for the children took the position

that the mother should be granted sole custody, this position was but one factor for the court to consider, and cannot be permitted to usurp the judgment of the trial judge (*see Matter of Kozlowski v Mangialino*, 36 AD3d 916, 917 [2007]). Dillon, J.P., Dickerson, Austin and Sgroi, JJ., concur.