■ In the Matter of PETER NORFLEET, Respondent, v LUZ WILLIAMS, Appellant. [983 NYS2d 425]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Rockland County (Warren, J.), dated April 1, 2013, which, after a hearing, granted the father's petition, in effect, denied her cross petition, and awarded sole custody of the parties' children to the father.

Ordered that the order is affirmed, without costs or disbursements.

The paramount concern in adjudicating custody disputes is the best interests of the child (see Domestic Relations Law § 70; Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Friederwitzer v Friederwitzer, 55 NY2d 89, 93-95 [1982]). The determination of the trial court is entitled to great deference and should not be disturbed unless it lacks a sound and substantial basis in the record (see Harris v Harris, 112 AD3d 887 [2013]). "Factors to be considered in determining the child's best interest include: the quality of the home environment and the parental guidance the custodial parent provides for the child . . . the ability of each parent to provide for the child's emotional and intellectual development . . . the financial status and ability of each parent to provide for the child . . . the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect" (Matter of Mitchell v Mitchell, 113 AD3d 775, 776 [2014] [internal quotation marks omitted]; see

*Eschbach v Eschbach,* 56 NY2d at 172-173; *Friederwitzer v Friederwitzer,* 55 NY2d at 94). Moreover, the existence or absence of any one factor is not determinative, since the court must consider the totality of the circumstances (*see Eschbach v Eschbach,* 56 NY2d at 174).

Here, there is a sound and substantial basis for the Family Court's determination that it is in the best interests of the parties' children to award sole custody to the father. The record supported findings that the father's employment is considerably more stable than the mother's employment, the mother recently lacked effort and interest regarding the children's schooling and therapy, and the mother had a history of placing her own interests before the interests of the children (*see Matter of Mitchell v Mitchell,* 113 AD3d 775 [2014]). Moreover, the father is supportive of visitation between the children and the mother (*see Kaplan v Kaplan,* 21 AD3d 993, 995 [2005]). Rivera, J.P., Lott, Miller and Hinds-Radix, JJ., concur.