■ REBECCA L. KRAMER, Respondent, v ROBERT G.T. GRIFFITH, Appellant. [990 NYS2d 69]—

In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of the Supreme Court, Westchester County (Colangelo, J.), dated November 8, 2012, which, after a nonjury trial (Martin, J.), inter alia, awarded sole legal and physical custody of the parties' child to

the plaintiff with certain visitation to the defendant conditioned upon his continued participation in therapy.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In making an initial custody determination, the court must consider what arrangement is in the best interests of the child under the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171-173 [1982]; *see also Scholar v Timinisky*, 87 AD3d 577, 578 [2011]). A custody determination depends greatly "upon an assessment of the character and credibility of parties and witnesses" (*Matter of Langlaise v Sookhan*, 48 AD3d 685, 685 [2008]). Because the hearing court is able to observe witnesses and evaluate evidence firsthand, its determination "is generally accorded great deference on appeal and should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Perez v Martinez*, 52 AD3d 518, 519 [2008]).

Here, there is a sound and substantial basis for the Supreme Court's determination that it is in the best interests of the parties' child that sole legal and physical custody be awarded to the mother. This includes, inter alia, the unrefuted evidence that the mother's living situation and employment are considerably more stable than the father's living situation and employment (*see Matter of Mitchell v Mitchell*, 113 AD3d 775 [2014]), and the high level of antagonism between the parties that makes it impossible for them to cooperate with each other (*see Braiman v Braiman*, 44 NY2d 584 [1978]; *Matter of Edwards v Rothschild*, 60 AD3d 675 [2009]).

Contrary to the father's contention, the Supreme Court providently exercised its discretion in awarding him overnight visits with the child for one night, every other weekend, plus midweek visits. "The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances" (*Matter of Boggio v Boggio*, 96 AD3d 834, 835 [2012]; *see Eschbach v Eschbach*, 56 NY2d at 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]; *Galanti v Kraus*, 85 AD3d 723, 724 [2011]; *Matter of Alexander v Alexander*, 62 AD3d 866, 866-867 [2009]). Here, at the time that the court made its determination as to visitation, the child was four years old and had never experienced unsupervised visitation with the father. At trial, the court-appointed forensic evaluator testified, inter alia, that the father suffered from a psychiatric disorder and was unable to place the needs of the child before his own needs. Consequently, it was in the child's best interests to initially have limited unsupervised visitation with the father (*see Matter of Maio v DeCrescenzo*, 100 AD3d

999, 999-1000 [2012]). Moreover, it was not an improvident exercise of discretion to condition overnight visitation upon the father's continued participation in therapy (*see Matter of Minus v Lannaman*, 81 AD3d 830, 831 [2011]; *Zafran v Zafran*, 28 AD3d 753 [2006]; *Matter of Irwin v Schmidt*, 236 AD2d 401 [1997]; *Landau v Landau*, 214 AD2d 541 [1995]).

Contrary to the father's contentions, his decision to proceed pro se for a portion of the trial was knowing and voluntary.

The father's remaining contentions are without merit. Dillon, J.P., Lott, Austin and Barros, JJ., concur.