■ In the Matter of Olusegun J. Bosede, Respondent, v Zeenab A. Agbaje, Appellant. [993 NYS2d 377]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Cheng, J.), dated May 24, 2013, which, after a hearing, in effect, granted the father's petition, denied her cross petition, and awarded sole custody of the parties' child to the father with certain visitation to her.

Ordered that the order is affirmed, without costs or disbursements.

The paramount consideration in adjudicating custody disputes is the best interests of the child (*see* Domestic Relations Law § 70; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Norfleet v Williams*, 116 AD3d 865 [2014]). Factors to be considered in determining the child's best interests include "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Kreischer v Perry*, 83 AD3d 841, 841 [2011]; *see Matter of Islam v Lee*, 115 AD3d 952, 953 [2014]; *Matter of Felty v Felty*, 108 AD3d 705, 707 [2013]). Further, the "existence or absence of any one factor is not determinative, since the court must consider the totality of the circumstances" (*Matter of Norfleet v Williams*, 116 AD3d at 866; *see Eschbach v Eschbach*, 56 NY2d at 174). As custody determinations are ordinarily a matter of discretion for the hearing court and "depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Kreischer v Perry*, 83 AD3d at 841; *see Matter of Felty v Felty*, 108 AD3d at 707; *Matter of Holohan v Levens*, 106 AD3d 1003, 1004 [2013]; *Matter of Quinones v Gonzalez*, 79 AD3d 893, 894 [2010]; *see also Eschbach v Eschbach*, 56 NY2d at 174).

Here, contrary to the mother's contention, the Family Court's determination that it was in the child's best interests to award sole custody to the father has a sound and substantial basis in the record, and, thus, we decline to disturb it (*see Matter of Norfleet v Williams*, 116 AD3d at 865; *Matter of Mitchell v Mitchell*, 113 AD3d 775, 776-777 [2014]; *Matter of Guzman v Pizarro*, 102 AD3d 964, 965 [2013]). Rivera, J.P., Hall, Miller and Duffy, JJ., concur.