■ In the Matter of BONITA BROWN, Appellant, v JORELLE BROWN, Respondent. (Proceeding No. 1.) In the Matter of JORELLE BROWN, Respondent, v BONITA BROWN, Appellant. (Proceeding No. 2.) [7 NYS3d 554]—Appeals from two orders of the Family Court, Queens County (Dennis Lebwohl, J.), both dated October 1, 2013. The first order, after a hearing, denied the mother's petition for custody of the subject child and

granted the father's petition for custody of the subject child. The second order granted the mother visitation with the child on Wednesday afternoons from 2:25 p.m. to 7:30 p.m. and on Saturdays from 8:00 a.m. to 8:00 p.m.

Ordered that the orders are affirmed, without costs or disbursements.

The Family Court did not err in allowing the mother to represent herself at the hearing. The record, as a whole, demonstrates that the mother made a knowing, voluntary, and intelligent decision to waive her right to counsel and to proceed pro se (see People v Providence, 2 NY3d 579, 582-583 [2004]; People v Arroyo, 98 NY2d 101, 102-105 [2002]; Matter of Francis v Holder, 71 AD3d 1018, 1019 [2010]).

"The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances" (Matter of Boggio v Boggio, 96 AD3d 834, 835 [2012]; see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381 [2004]; Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). A hearing court's findings are accorded deference, and will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Torres v Ojeda, 108 AD3d 570, 570-571 [2013]; Cervera v Bressler, 90 AD3d 803, 805 [2011]; Matter of Elliott v Felder, 69 AD3d 623, 623 [2010]).

Here, the Family Court properly considered the totality of the circumstances, and its determination to award sole custody of the subject child to the father is supported by a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d at 171-172; Kramer v Griffith, 119 AD3d 655, 656 [2014]; Matter of Mitchell v Mitchell, 113 AD3d 775, 776 [2014]). Moreover, the court's determination that it would be in the subject child's best interests to have limited visitation with the mother has a sound and substantial basis in the record (see Kramer v Griffith, 119 AD3d at 656; Matter of Lane v Lane, 68 AD3d 995, 997 [2009]).

The mother's contention that the Family Court improvidently exercised its discretion in making its determination without conducting an in camera interview of the subject child is without merit (see Matter of Son v Ramos, 117 AD3d 745, 746-747 [2014]; Matter of Asgedom v Asgedom, 51 AD3d 787, 788 [2008]). Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.