Matter of Bongocan v Javier L. (2018 NY Slip Op 02148)





Matter of Bongocan v Javier L.


2018 NY Slip Op 02148


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-05174
 (Docket Nos. V-4707-14, V-11536-15)

[*1]In the Matter of Lynette Bongocan, petitioner- respondent, 
v
Javier L. (Anonymous), respondent- appellant; Julio L. (Anonymous), nonparty-appellant. (Proceeding No. 1) In the Matter of Javier L. (Anonymous), petitioner- appellant, Lynette Bongocan, respondent-respondent; Julio L. (Anonymous), nonparty-appellant. (Proceeding No. 2)


Daniella Levi & Associates, P.C., Fresh Meadows, NY (Natalie Makfeld of counsel), for respondent-appellant in Proceeding No. 1 and petitioner-appellant in Proceeding No. 2.
Lewis S. Calderon, Jamaica, NY, attorney for the child, the nonparty-appellant Julio L.
Joseph H. Nivin, Forest Hills, NY, for petitioner-respondent in Proceeding No. 1 and respondent-respondent in Proceeding No. 2.



DECISION & ORDER
Appeals from stated portions of an order of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated May 6, 2016. The order, inter alia, after a hearing, awarded the parties joint legal custody of the subject child, with primary residential custody to the mother, and awarded the father visitation with the child, including alternate weekends and visitation "on the overnights that the mother is working[,] with pick up from school/daycare the evening of the mother's shift through the following morning when the child shall be dropped at school/daycare."
ORDERED that the order is modified, on the law, the facts, and in the exercise of discretion, by deleting the provision thereof awarding the father visitation "on the overnights that the mother is working[,] with pick up from school/daycare the evening of the mother's shift through the following morning when the child shall be dropped at school/daycare," and substituting therefor a provision awarding the father two weekday overnight visits per week during weeks that follow the weekends that he had the child, and three weekday overnight visits per week during weeks that follow the weekends that he did not have the child, with the days of such weekday overnight visitation to be agreed upon by the parties, and the time that the father picks the child up from school/daycare to commence his overnight visitation and the time the following morning that the father drops the child off at school/daycare to be agreed upon by the parties; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In March 2014, the mother filed a petition for custody of the parties' child, born in August 2013. The father filed a cross petition for custody. After a hearing at which both the mother and father testified, the Family Court awarded the parties joint legal custody, with primary residential custody to the mother and regularly scheduled visitation to the father, including alternate weekends and overnights on the evenings that the mother worked. The father and the child appeal.
The essential consideration in determining custody is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Sahadath v Andaverde, 145 AD3d 731), and no parent has a prima facie right to the custody of the child (see Domestic Relations Law §§ 70[a]; 240[1][a]; Friederwitzer v Friederwitzer, 55 NY2d 89, 93; Matter of Schultheis v Schultheis, 141 AD3d 721, 722; Matter of Wallace v Roberts, 105 AD3d 1053, 1053). In determining a custody arrangement that is in the child's best interests, the court must consider several factors, including "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Salvatore v Salvatore, 68 AD3d 966, 966; see Eschbach v Eschbach, 56 NY2d at 171-173). The court is to consider the totality of the circumstances, and the existence of any one factor is not determinative (see Eschbach v Eschbach, 56 NY2d at 174; Matter of Bowe v Bowe, 124 AD3d 645, 646; Matter of Bosede v Agbaje, 121 AD3d 675, 676). Where, as here, the court has conducted a complete evidentiary hearing on the issues of custody and visitation, its credibility findings "must be accorded great weight, and its custody and visitation determination will not be disturbed unless it lacks a sound and substantial basis in the record" (Iacono v Iacono, 117 AD3d 988, 988; see Matter of Klein v Theus, 143 AD3d 984; Matter of Sterling v Silva, 124 AD3d 669).
Here, upon determining that both parties were fit parents, the Family Court awarded them joint legal custody of the child, with primary residential custody to the mother, citing, inter alia, the fact that the mother has been the child's primary caretaker. The court's determination awarding the parties joint legal custody with primary residential custody to the mother has a sound and substantial basis in the record and, accordingly, we decline to disturb it (see Matter of Quinones v Quinones, 139 AD3d 1072; Matter of Lawlor v Eder, 106 AD3d 739, 740).
However, the Family Court improvidently exercised its discretion in conditioning part of the father's parental access to the child on the vagaries of the mother's work schedule. The extent to which the noncustodial parent may exercise parenting time should be determined on the basis of the best interests of the child consistent with the concurrent right of the child and the noncustodial parent to meaningful time together (see Chamberlain v Chamberlain, 24 AD3d 589, 592-593; Palumbo v Palumbo, 292 AD2d 358, 360; Cesario v Cesario, 168 AD2d 911). Here, in crafting an access schedule for the father, the court noted that the mother, a nurse for approximately 13 years, worked three nights per week. The court awarded, inter alia, the father visitation on alternate weekends and also gave the father overnight visitation with the child on the nights the mother was working. Although such schedule, in effect, would provide the father weekly access time to the child essentially equivalent to the mother's weekly access time with the child, we determine that it is not in the child's best interests to condition such access upon the mother's work schedule. Here, a more appropriate schedule, consistent with the parental rights and responsibilities of both parties, would be to award the father two weekday overnight visits per week during weeks that follow the weekends that he had the child, and three weekday overnight visits per week during weeks that follow the weekends that he did not have the child, with the days of such overnight visitation to be agreed upon by the parties, and the time that the father picks the child up from school/daycare to commence his overnight visitation and the time the following morning that the father drops the child off at school/daycare to be agreed upon by the parties.
The attorney for the child has failed to demonstrate that the record before us is no longer sufficient for determining the best interests of the subject child (see Matter of Michael B., 80 NY2d 299, 318; Matter of McQueen v Legette, 125 AD3d 863, 864).
CHAMBERS, J.P., MILLER, HINDS-RADIX and DUFFY, JJ., concur.

2016-05174 DECISION & ORDER ON MOTION
In the Matter of Lynette Bongocan, petitioner-
respondent, v Javier L. (Anonymous), respondent-
appellant; Julio L. (Anonymous), nonparty-appellant.
(Proceeding No. 1)
In the Matter of Javier L. (Anonymous), petitioner-
appellant, v Lynette Bongocan, respondent-respondent;
Julio L. (Anonymous), nonparty-appellant.
(Proceeding No. 2)
(Docket Nos. V-4707-14, V-11536-15)

Motion by the mother on appeals from an order of the Family Court, Queens County, dated May 6, 2016, to strike stated portions of the brief of the attorney for the child on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated February 22, 2017, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the motion is denied.
CHAMBERS, J.P., MILLER, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court