Matter of Vaysman v Conroy (2018 NY Slip Op 06920)





Matter of Vaysman v Conroy


2018 NY Slip Op 06920


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-11301
 (Docket Nos. V-899-12, V-899-13, V-901-13, V-902-13)

[*1]In the Matter of Igor Vaysman, respondent,
v
Amy Conroy, appellant. (Proceeding No. 1)
In the Matter of Amy Conroy, appellant,
v
v Igor Vaysman, respondent. (Proceeding No. 2)


Anna Stern, Brooklyn, NY, for appellant.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter and Rachel Stanton of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Supreme Court, Kings County (IDV Part) (Patricia E. Henry, J.), dated October 4, 2016. The order, upon a decision of the same court, also dated October 4, 2016, made after a hearing, granted the father's petition for sole legal and physical custody of the parties' child and, in effect, denied the mother's petition for sole legal and physical custody of the child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of one child, who was born in July 2012. Both parents petitioned for sole legal and physical custody of the child. The Supreme Court conducted a lengthy hearing, after which it awarded the father sole legal and physical custody of the child, with parental access to the mother. The mother appeals.
"The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances" (Matter of Boggio v Boggio, 96 AD3d 834, 835; see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381; Eschbach v Eschbach, 56 NY2d 167, 171). The court's determination with respect to custody depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties. Given the court's opportunity to make firsthand assessments of these crucial considerations, we accord great deference to its credibility findings and will not disturb them unless they lack a sound and substantial basis in the record (see Matter of Khan v Khan, 160 AD3d 960, 962; Matter of Hargrove v Langenau, 138 AD3d 846, 847). Here, the Supreme Court properly considered the totality of the circumstances, and its determination to award sole legal and physical [*2]custody of the child to the father is supported by a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d at 171-172; Kramer v Griffith, 119 AD3d 655, 656; Matter of Mitchell v Mitchell, 113 AD3d 775, 776).
We reject the mother's contention that the Supreme Court erred in failing to accept the recommendation of the court-appointed forensic evaluator. A court is not automatically required to accept the recommendation of a court-appointed forensic evaluator, but must consider all of the relevant evidence. Moreover, in considering a forensic evaluator's recommendation, the court must take into account the quality of the evaluator's methods and report. Here, the weaknesses in the evaluator's methodology are clear from the record, and the court fully explained its decision to reject the evaluator's recommendation (see Matter of Selliah v Penamente, 107 AD3d 1004, 1005; Matter of Kelly v Hickman, 44 AD3d 941, 942; Matter of Griffin v Scott, 303 AD2d 504, 505; Berstell v Krasa-Berstell, 272 AD2d 566, 566-567).
The mother's remaining contentions are either based upon matter dehors the record or otherwise not properly before this Court (see Lipari v Lipari, 146 AD3d 870, 872; Matter of Lomardi v Valenti, 120 AD3d 817, 819).
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court