Matter of Al-Dalali v Rivera (2019 NY Slip Op 02514)





Matter of Al-Dalali v Rivera


2019 NY Slip Op 02514


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2018-03195 
2018-03196
2018-03197
 (Docket Nos. V-7865-09/15I, V-7865-09/17K, V-885-09/15I, V-885-09/17J, V-7865-09/15J)

[*1]In the Matter of Deya Alrahman Abdullah Ali Al-Dalali, respondent, 
v
Natalia A. Rivera, appellant. (Proceeding No. 1)
In the Matter of Natalia A. Rivera, appellant, Deya Alrahman Abdullah Ali Al-Dalali, respondent. (Proceeding No. 2)


Cabelly & Calderon, Jamaica, NY (Lewis S. Calderon of counsel), for appellant.
Michael A. Fiechter, Bellmore, NY, for respondent.
Janet Neustaetter, Brooklyn, NY (Eva D. Stein of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from three orders of the Family Court, Queens County (Ashley Black, Ct. Atty. Ref.), all dated February 14, 2018. The orders, insofar as appealed from, after a hearing, granted the father's petition to modify a prior order of custody and parental access of the same court dated July 7, 2014, to the extent of making certain reductions in the mother's parental access time, denied the mother's petition to modify the same order so as to award her sole custody of the subject child, and dismissed the mother's petition, with prejudice.
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.
The parties are the divorced parents of one child, who was born in 2006. By consent order of custody and parental access dated July 7, 2014, the father was awarded sole legal and physical custody of the child and the mother was awarded parental access, inter alia, on most weekends.
In January 2015, the father filed a petition seeking, inter alia, to suspend the mother's [*2]parental access and telephone contact based on the mother's repeated violations of the order of custody and parental access. The same month, the mother filed a petition, which was later amended, seeking to modify the same order of custody and parental access so as to award her sole custody of the child. In June 2017, the father filed a petition seeking to hold the mother in contempt for her failure to comply with certain provisions of the order of custody and parental access.
In or about September 2017, while the petitions were still pending, the mother lost her housing and moved to live temporarily with her boyfriend and his mother. The Family Court temporarily limited the mother's parental access to day visits on alternate Saturdays and Sundays, as well as Wednesdays after school.
Following a hearing on all three petitions, the Family Court dismissed the mother's modification petition, with prejudice. Also, in light of, among other things, the continuing uncertainty regarding the mother's housing situation, the court granted the father's petitions to the extent of reducing the mother's parental access. Sole legal and physical custody of the child was to remain with the father, and the mother's weekend overnight visits were reduced to day visits on most Sundays. The mother was also awarded parental access on Wednesdays after school.
" A court may modify an order awarding custody and [parental access] upon a showing that there has been a subsequent change [in] circumstances and that modification is in the best interests of the child'" (Matter of Mack v Kass, 115 AD3d 748, 748-749, quoting Matter of Sinnott-Turner v Kolba, 60 AD3d 774, 775). The factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect (see Matter of Norfleet v Williams, 116 AD3d 865; Matter of Mitchell v Mitchell, 113 AD3d 775, 776).
Here, the Family Court findings that there was a change in circumstances and that, under the totality of circumstances, it was in the child's best interests to maintain legal and physical custody with the father and to decrease the mother's parental access, have a sound and substantial basis in the record and, therefore, should not be disturbed (see Eschbach v Eschbach, 56 NY2d 167; Matter of Mitchell v Mitchell, 113 AD3d at 776; Matter of Selliah v Penamente, 107 AD3d 1004, 1005).
RIVERA, J.P., BALKIN, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court