Lugo v Torres (2019 NY Slip Op 05523)





Lugo v Torres


2019 NY Slip Op 05523


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-03805 
2018-10984
 (Index No. 3406/12)

[*1]Robert Lugo, appellant-respondent, 
v
Larissa Torres, respondent; Liya L. (Anonymous), nonparty-respondent- appellant, et al., nonparty.


Miller Zeiderman & Wiederkehr LLP, White Plains, NY (Faith G. Miller and Evan Wiederkehr of counsel), for appellant-respondent.
George E. Reed, Jr., White Plains, NY, attorney for the child Liya L., the nonparty-respondent-appellant.
The Law Offices of Salihah R. Denman, PLLC, Harrison, NY, for respondent.
Joan Iacono, Bronxville, NY, attorney for the child Emery L.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of divorce of the Supreme Court, Westchester County (IDV Part) (Susan M. Capeci, J.), entered March 13, 2018, and from an order of the same court entered July 16, 2018, and the nonparty child Liya L. cross-appeals from the order entered July 16, 2018. The judgment of divorce, inter alia, set a parental access schedule for the plaintiff with the parties' two children and directed the plaintiff to pay the sum of $3,500 per month in child support. The order, insofar as appealed from, denied that branch of the plaintiff's cross motion which was to resettle the judgment of divorce. The order, insofar as cross-appealed from, re-stated the provision, incorporated into the judgment of divorce, that the defendant had final decision-making authority regarding the nonparty child Liya L.'s enrollment in a summer camp.
ORDERED that the appeal and cross appeal from the order entered July 16, 2018, are dismissed; and it is further,
ORDERED that the judgment of divorce is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant, payable by the plaintiff.
The parties were married in July 2006 and have two minor children, Liya L. and Emery L. The defendant left the marital home on May 7, 2012, after an incident of domestic violence, at which time she was granted a temporary order of protection that required the plaintiff to stay away from her and the children. On June 8, 2012, the plaintiff commenced this action for a divorce and ancillary relief. Over time, the plaintiff was awarded increasing access to the parties' [*2]children. Pursuant to an interim order of custody and parental access entered August 20, 2013, the plaintiff was awarded unsupervised parental access on alternating weekends from Friday pick-up at school until Monday drop-off at school and every Thursday from after school until Friday drop-off at school, with two additional Wednesday overnights per month during the summer.
A nonjury trial was held on the issues of custody and parental access over 23 nonconsecutive days from September 20, 2016, through August 9, 2017. On December 18, 2017, the parties placed a stipulation of settlement as to their finances on the record.
In a decision after trial dated December 20, 2017, the Supreme Court modified the interim school year parental access schedule, awarding the plaintiff access time on alternating weekends from Friday after school until Sunday at 8:00 p.m., and dinner visits with the children every Tuesday and Thursday from 6:00 p.m. to 8:00 p.m. The court noted that the modification of the school year parental access schedule was due to the court's "serious concerns about the [plaintiff's] actual presence on his visits during the week with the children, his inability to consistently get them to school on time, and his lack of maintenance of routines with them." The court further awarded the parties joint legal custody, with final decision-making authority to the defendant, after consultation with the plaintiff and assistance from a parenting coordinator, including on the issue of the children's enrollment in summer camp.
A judgment of divorce was entered on March 13, 2018, which incorporated the decision dated December 20, 2017. The defendant subsequently moved, inter alia, to hold the plaintiff in civil contempt for failure to comply with the judgment of divorce based on his nonpayment of child support and his refusal to accept the defendant's final decision on summer camp for the year 2018. The plaintiff cross-moved, inter alia, to resettle the judgment of divorce on the ground that certain financial provisions of the judgment failed to reflect the provisions of the December 18, 2017, stipulation of settlement. In an order entered July 16, 2018, the Supreme Court denied the defendant's motion and the plaintiff's cross motion.
The plaintiff appeals from stated portions of the judgment of divorce and from so much of the order entered July 16, 2018, as denied that branch of his cross motion which was to resettle the judgment of divorce. The child Liya L. cross-appeals from so much of the order entered July 16, 2018, as re-stated the provision, incorporated into the judgment of divorce, that the defendant had final decision-making authority regarding that child's summer camp.
The plaintiff's limited appeal from the order entered July 16, 2018, must be dismissed, as no appeal lies from an order denying resettlement of the decretal paragraphs of a judgment (see Markowitz v Markowitz, 146 AD3d 872, 873; Vogelgesang v Vogelgesang, 71 AD3d 1131).
The cross appeal by the child Liya L. from the order entered July 16, 2018, also must be dismissed, on the ground that she is not aggrieved by that order. The portion of the order from which the child appeals does not grant or deny any relief, and the mere fact that an order "contains language or reasoning that a party deems adverse to its interests does not furnish a basis for standing to take an appeal'" (Castaldi v 39 Winfield Assoc., LLC, 22 AD3d 780, 781, quoting Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473; see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545; NYCTL 2011-A Trust v Master Sheet Co., Inc., 150 AD3d 755, 756-757).
The essential consideration in adjudicating custody and parental access is the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167, 171). In determining those best interests, the court must evaluate the totality of the circumstances (see Matter of McQueen v Legette, 125 AD3d 863, 863). Since the hearing court is able to observe witnesses and evaluate evidence firsthand, its determination is generally accorded great deference on appeal and should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Brown v Brown, 127 AD3d 1180; Kramer v Griffith, 119 AD3d 655, 656). Here, contrary to the contention of the plaintiff and the attorneys for the children, the school year parental access schedule determined by [*3]the Supreme Court after trial has a sound and substantial basis in the record and will not be disturbed.
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court