Nieto v Nieto (2020 NY Slip Op 00287)





Nieto v Nieto


2020 NY Slip Op 00287


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-07258
 (Index No. 203160/15)

[*1]Denise Nieto, respondent, 
v
Miguel Nieto, appellant.


Charles E. Holster III, Garden City, NY, for appellant.
Friedman & Friedman, PLLC, Garden City, NY (Sari M. Friedman and Laraib Butt of counsel), for respondent.
Patricia Miller Latzman, Mineola, NY, attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Stacy D. Bennett, J.), entered February 9, 2018. The judgment of divorce, upon a decision of the same court dated December 8, 2017, made after a nonjury trial, inter alia, set a parental access schedule for the plaintiff with the parties' two children and failed to credit the defendant for his equitable share of precommencement marital funds allegedly used to pay a mortgage and pay for improvements on a house that was the plaintiff's separate property.
ORDERED that the judgment of divorce is modified, on the law, by deleting the provisions thereof awarding the plaintiff supervised parenting time on "alternating weekends from Friday at 6:00 p.m. until Sunday at 6:00 p.m," "unsupervised public place parenting time one day per week for three hours," "supervised holiday and school recess parenting time from 10:00 a.m. to 7:00 p.m.," and "two non-consecutive weeks of supervised parenting time during the Summer each year"; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the plaintiff's parental access schedule; and it is further,
ORDERED that pending the new determination of the plaintiff's parental access schedule, the plaintiff's parental access schedule set forth in the parties' so-ordered stipulation dated July 10, 2017, shall remain in effect.
The parties were married in 2005 and have two children, born in 2007 and 2009. On November 18, 2015, the plaintiff commenced this action for a divorce and ancillary relief. During the pendency of the action, both parties filed family offense petitions in the Family Court, which were subsequently transferred and consolidated with this action. A nonjury trial was held on child custody and ancillary economic issues attendant to the divorce. During the trial, on July 10, 2017, the parties entered into a stipulation, so-ordered by the Supreme Court, resolving the issues raised in the family offense petitions and setting a schedule of therapeutic, supervised, and unsupervised parental access for the plaintiff with the two children.
In a judgment of divorce entered February 9, 2018, upon the Supreme Court's decision after trial dated December 8, 2017, the court, inter alia, awarded the defendant sole legal and physical custody of the children, set a parental access schedule for the plaintiff that expanded the parental access that was awarded in the parties' so-ordered stipulation dated July 10, 2017, and failed to credit the defendant for his equitable share of precommencement marital funds that were allegedly used to pay a mortgage and pay for improvements on a house that was the plaintiff's separate property. The defendant appeals from stated portions of the judgment of divorce.
The essential consideration in adjudicating custody and parental access is the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167, 171). In determining those best interests, the court must evaluate the totality of the circumstances (see Matter of McQueen v Legette, 125 AD3d 863, 863). Because the trial court is able to observe witnesses and evaluate evidence firsthand, its determination is generally accorded great deference on appeal and should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Brown v Brown, 127 AD3d 1180; Kramer v Griffith, 119 AD3d 655, 656). When making custody and parental access determinations, "the court may consider the recommendation of a court-appointed expert, and the position of the attorney for the child" (Matter of Oakley v Cond-Arnold, 130 AD3d 737, 738-739; see Baker v Baker, 66 AD3d 722, 723). Recommendations of court-appointed experts "are entitled to some weight, unless the opinion is contradicted by the record" (Matter of Detwiler v Detwiler, 145 AD3d 778, 780; see Matter of Spampinato v Mazza, 152 AD3d 525, 527).
Here, the Supreme Court's determination to expand the plaintiff's parental access schedule beyond the schedule set forth in the July 10, 2017, so-ordered stipulation lacks a sound and substantial basis in the record. The court-appointed expert, whose testimony the court credited, did not recommend an expansion of the plaintiff's parental access with the children, and the court provided no explanation for its determination (cf. Baker v Baker, 66 AD3d at 723; Vinciguerra v Vinciguerra, 294 AD2d 565, 566). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a new determination of the plaintiff's parental access schedule.
We agree with the Supreme Court's determination not to award the defendant a credit for his equitable share of precommencement marital funds that were allegedly used to pay the mortgage and pay for improvements on the house that was the plaintiff's separate property. While it is true that "where marital funds are used to pay off the separate debt of the titled spouse on the separate property, the nontitled spouse may be entitled to a credit" (Bernholc v Bornstein, 72 AD3d 625, 628), here, the defendant failed to present sufficient evidence at trial demonstrating the precommencement contributions he made toward the mortgage or payments for improvements to enable the court to award him a credit.
The defendant's remaining contention is improperly raised for the first time on appeal.
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court