Matter of Walker v Sterkowicz-Walker (2022 NY Slip Op 02127)





Matter of Walker v Sterkowicz-Walker


2022 NY Slip Op 02127


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2020-04894
 (Docket Nos. V-00020-17/17A, V-07998-17/17A)

[*1]In the Matter of Thomas Walker, respondent,Janet Sterkowicz-Walker, appellant. (Proceeding No. 1)
In the Matter of Janet Sterkowicz-Walker, appellant, v Thomas Walker, respondent. (Proceeding No. 2)


Diana Kelly, Jamaica, NY, for appellant.
Elliot Green, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter and Eva D. Stein of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Robert D. Mulroy, J.), dated December 11, 2019. The order, after a fact-finding hearing, granted that branch of the father's petition which was to modify the custody provisions of the parties' stipulation of settlement, which was incorporated but not merged into a judgment of divorce dated July 24, 2012, so as to award him sole legal and residential custody of the parties' younger child and denied that branch of the mother's cross petition which was to modify the custody provisions of the stipulation of settlement so as to award her sole legal and residential custody of that child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the divorced parents of two children: the younger child, who was born in 2004 (hereinafter the child), and an older child, who has reached the age of 21. Pursuant to a stipulation of settlement, which was incorporated but not merged into a judgment of divorce dated July 24, 2012, the parties agreed that they would share joint custody of the children, that the mother would have residential custody of the children, and that the father would have certain parental access. The parties further agreed that the mother and the children could live in 1 of 11 named counties in the State of Colorado. The mother and the children lived in Colorado since approximately 2010.
In 2016, the father commenced a proceeding in Colorado against the mother for the protection of the children and himself. After a fact-finding hearing in the District Court of Boulder County, that court determined that the mother constituted "a credible threat to the life and health" of the children and the father, and issued a permanent civil protection order (see Colo Rev Stats § 13-14-106 [2018]). That order, inter alia, contained a temporary provision granting the father "care [*2]and control" of the children for a period of one year. Thereafter, the child came to live with the father, his new wife, and their young daughter in Brooklyn, New York.
On January 3, 2017, the father filed a petition in New York seeking to modify the custody provisions of the parties' stipulation of settlement so as to award him sole legal and residential custody of the children, and on March 24, 2017, the mother filed a cross petition seeking to modify the custody provisions of the parties' stipulation of settlement so as to award her sole legal and residential custody of the children. The Family Court conducted a fact-finding hearing, at which it took the testimony of the father, the mother, and the child's therapist. In addition, the court conducted an in-camera interview with the child. In an order dated December 11, 2019, the court granted that branch of the father's petition which related to the child and denied that branch of the mother's cross petition which related to the child. The mother appeals.
In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interest of the child (see Henrie v Henrie, 163 AD3d 927; Matter of Feliciano v King, 160 AD3d 854; Matter of Miller v Shaw, 160 AD3d 743; Matter of Baalla v Baalla, 158 AD3d 676). The best interests of the child must be determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167; Matter of Mack v Kass, 115 AD3d 748). "Factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Kreischer v Perry, 83 AD3d 841, 841, citing Eschbach v Eschbach, 56 NY2d at 171-172).
Here, the Family Court's determination to grant the father's petition so as to award him sole legal and residential custody of the child has a sound and substantial basis in the record, including evidence that the mother subjected the child to inadequate home-schooling, excessive corporal punishment, isolation, and emotional neglect, as well as the child's wishes, and the breakdown in the parties' ability to co-parent (see Matter of Murphy v Lewis, 149 AD3d 748; Matter of Goodman v Jones, 146 AD3d 884, 886; Matter of McPherson v McPherson, 139 AD3d 953, 953).
Accordingly, we affirm the order.
CONNOLLY, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court