■ In the Matter of JOHN BOGGIO, Appellant, v SUSAN BOGGIO, Respondent. (Proceeding No. 1.) In the Matter of SUSAN BOGGIO, Respondent, v JOHN BOGGIO, Appellant. (Proceeding No. 2.) [945 NYS2d 764]—

In related visitation proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Gruebel, J.), dated May 13, 2011, which,

after a hearing, denied his petition to modify the visitation provisions set forth in a stipulation of settlement dated February 13, 2001, which was incorporated but not merged into the parties' judgment of divorce dated August 20, 2001, and granted the mother's petition to modify the visitation provisions to the extent of limiting his visitation and directing him to participate in counseling.

Ordered that the order is affirmed, with costs.

An existing visitation arrangement may be modified only "upon a showing that there has been a subsequent change of circumstances and modification is required" (Family Ct Act § 467 [b] [ii]; *see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]; *Galanti v Kraus*, 85 AD3d 723, 724 [2011]). The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances (*see Matter of Wilson v McGlinchey*, 2 NY3d at 380-381; *Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]; *Galanti v Kraus*, 85 AD3d at 724). The determination of visitation issues is entrusted to the sound discretion of the Family Court and will not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Crowder v Austin*, 90 AD3d 753, 754 [2011]; *Matter of Mohabir v Singh*, 78 AD3d 1056 [2010]).

Here, the Family Court's visitation determination is supported by a sound and substantial basis in the record. The father does not dispute that the breakdown in his relationship with his then 11-year-old daughter and the temporary suspension of visitation constituted a change of circumstances warranting modification of the visitation provisions set forth in the parties' 2001 stipulation of settlement. Further, the record supports the Family Court's determination that it would be in the best interests of the child for visitation to resume incrementally by permitting the father telephone contact three times per week, and weekly unsupervised visitation on Saturdays, which could expand to overnight visits without further court order upon the child's consent. The Family Court gave appropriate weight to the wishes expressed by the child during her in camera interview (*see Matter of Mohabir v Singh*, 78 AD3d at 1057; *Matter of Mera v Rodriguez*, 73 AD3d 1069 [2010]; *Matter of Jennifer WW.*, 274 AD2d 778, 779 [2000]; *Matter of Lozada v Lozada*, 270 AD2d 422 [2000]), without improperly basing its visitation determination solely upon her wishes (*cf. William-Torand v Torand*, 73 AD3d 605, 606 [2010]; *Matter of Eric L. v Dorothy L.*, 130 AD2d 660, 661 [1987]). Contrary to the father's contention, the modified visitation schedule does not tend to

unnecessarily defeat his right to visitation because it does not make visitation entirely dependent upon his daughter's consent (*cf. William-Torand v Torand*, 73 AD3d at 606; *Matter of Kristine Z. v Anthony C.*, 21 AD3d 1319, 1321 [2005]).

Under the circumstances of this case, the Family Court also properly directed the father to participate in counseling as a component of the visitation determination (*see Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 776 [2009]; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]; *Matter of Williams v O'Toole*, 4 AD3d 371, 372 [2004]). Dillon, J.P., Eng, Austin and Sgroi, JJ., concur.