■ In the Matter of ROBERT J. CASTAGNOLA, Respondent, v LAURIE J. MULLER, Appellant. (Proceeding No. 1.) In the Matter of LAURIE J. MULLER, Appellant, v ROBERT J. CASTAGNOLA, Respondent. (Proceeding No. 2.) [963 NYS2d 681]—

In two related child custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (LoPresti, Ct. Atty. Ref.), dated February 17, 2012, as, after a hearing, in effect, granted her application to suspend visitation between the father and the child only to the extent of directing supervised, therapeutic visitation between the father and the child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

When making a determination with respect to visitation, the most important factor is the best interests of the child (*see Mat-*

ter of *Taylor v Taylor*, 77 AD3d 669, 669 [2010]; *Matter of Balgley v Cohen*, 73 AD3d 1038 [2010]; *Matter of Shockome v Shockome*, 53 AD3d 618, 619 [2008]). Since "[a] noncustodial parent is entitled to meaningful visitation," the "denial of that right must be based on substantial evidence that visitation would be detrimental to the welfare of the child" (*Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 775 [2009]). Contrary to the mother's contention, the determination of the Family Court that directing therapeutic visitation between the father and the child was in the child's best interests has a sound and substantial basis in the record (*see Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]). Thus, we decline to disturb it. Rivera, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.