■ In the Matter of STANLEY M. TECZA, Appellant, v SAFIJE ALIJA, Respondent. [30 NYS3d 174]—

Appeal from an order of the Family Court, Queens County (Anne-Marie Jolly, J.), dated June 2, 2015. The order, insofar as appealed from, upon an order of that court dated December 12, 2014, confirming a report of a Court Attorney Referee (Mildred T. Negron, Ct. Atty. Ref.), made after a hearing, and a supplemental report of that Court Attorney Referee, directed that the father's visitation with the subject child be supervised by a mental health professional.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties, who were never married, have one child, who was born in January 2010, and resided with the mother. The father petitioned for custody of the subject child. Between 2012 and 2014, a custody and visitation hearing was conducted, during which the mother requested custody of the subject child and that the father's visitation be supervised. In an order dated June 2, 2015, the Family Court, upon confirming a report and a supplemental report of the Court Attorney Referee, directed, inter alia, that the father's visitation with the subject child be supervised by a mental health professional.

"The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances" (*Matter of Boggio v Boggio*, 96 AD3d 834, 835 [2012]; *see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Although "[s]upervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child" (*Matter of Bullinger v Costa*, 63 AD3d 735, 735-736 [2009]; *see Rosenberg v Rosenberg*, 44 AD3d 1022, 1024 [2007]), "[t]he determination of whether visitation should be supervised is a matter left to the court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record" (*Matter of Gooler v Gooler*, 107 AD3d 712, 713 [2013]; *see Matter of Binong Xu v Sullivan*, 91 AD3d 771, 771-772 [2012]). Here, the determination of the Family Court that it was in the child's best interests to require that the father's visitation be supervised by a mental health professional has a sound and substantial basis in the record (*see Matter of Castagnola v Muller*, 105 AD3d 954, 955 [2013]; *Matter of Colter v Baker*, 104 AD3d 850, 850 [2013]; *Matter of Bullinger v Costa*, 63 AD3d at 736; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]).

The father's contention that the Family Court improperly admitted into evidence testimony and a report from a forensic evaluator is without merit (*see generally Posporelis v Posporelis*, 41 AD3d 986, 992 [2007]). Chambers, J.P., Cohen, Duffy and Connolly, JJ., concur.