■ In the Matter of LATISIA N. PAGAN, Appellant, v DAUNTE C. GRAY, Respondent. [48 NYS3d 750]—

Appeal by the father from an order of the Family Court, Kings County (Dean T. Kusakabe, J.), dated September 29, 2015. The order, insofar as appealed from, after a hearing, in effect, denied his petition to modify a prior visitation order of that court (Bernard J. Graham, J.) dated November 16, 2009, by, in effect, increasing his visitation, and granted that branch of the mother's petition which was, in effect, to modify the prior visitation order by limiting his visitation.

Ordered that the order dated September 29, 2015, is affirmed insofar as appealed from, without costs or disbursements.

An existing visitation order may be modified only "upon a showing that there has been a subsequent change of circumstances and modification is required" (Family Ct Act § 467 [b] [ii]; *see Matter of Boggio v Boggio*, 96 AD3d 834, 835 [2012]). The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of circumstances (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Boggio v Boggio*, 96 AD3d at 835). The determination of visitation issues is entrusted to the sound discretion of the Family Court and will not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Boggio v Boggio*, 96 AD3d at 835; *Matter of Mohabir v Singh*, 78 AD3d 1056 [2010]).

Here, the Family Court's determination that the mother satisfied her burden of demonstrating that there existed a change in circumstances warranting a reduction in the amount of visitation time allowed to the father is supported by a sound and substantial basis in the record. The father's repeated failure to visit or communicate with the subject children over an extended period of time constituted a change of circumstances warranting modification of the visitation provisions set forth in a 2009 visitation order. Further, the record supports the court's determination that it would be in the best interests of the children for visitation to resume incrementally with the father by permitting him unsupervised daytime visitation on Sundays, which could expand to holiday and summertime visitations upon the parties' consent. We note that the court also gave appropriate weight to the wishes of the children (*see Matter of Ottaviano v Ippolito*, 132 AD3d 681 [2015]; *Matter of Boggio v Boggio*, 96 AD3d at 835). Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.