Matter of LaChere v Maliszweski (2018 NY Slip Op 00147)





Matter of LaChere v Maliszweski


2018 NY Slip Op 00147


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-13082
 (Docket Nos. V-4334-12, V-4335-12)

[*1]In the Matter of Tracey LaChere, respondent, 
v
Thomas J. Maliszweski, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Laurette Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.



DECISION & ORDER
Appeal from an order of the Family Court, Suffolk County (Matthew Hughes, J.), dated November 2, 2016. The order, after a hearing, granted the mother's amended petition to modify a so-ordered stipulation of the Supreme Court, Suffolk County, dated August 6, 2012, to the extent of awarding her therapeutic visitation with the subject children.
ORDERED that the order is affirmed, without costs or disbursements.
The two children who are the subject of this proceeding were born in 2005 and 2007, respectively. Pursuant to a so-ordered stipulation of the Supreme Court, Suffolk County, dated August 6, 2012, the mother was granted at least 90 minutes per week of unsupervised visitation with the subject children as well as at least 10 hours per week of supervised visitation. In 2013, upon the mother's conviction of criminal contempt in the second degree, the Supreme Court, Suffolk County, Integrated Domestic Violence Part, issued an order of protection requiring the mother to stay away from the subject children through 2018. The order of protection was made subject to any custody or visitation order of the Supreme Court or the Family Court.
In an amended petition filed in August 2015, the mother sought to modify the so-ordered stipulation dated August 6, 2012, so as to award her unsupervised visitation with the children as well as nightly telephone calls with them. At a hearing held on the amended petition, the mother testified that in 2015 she voluntarily entered an 11-month drug and alcohol rehabilitation program, that after she successfully completed that program she began participating in outpatient treatment and counseling, and that she was currently residing in a "sober housing" facility where she had consistently tested negative on random drug tests. In addition, the mother testified that she would be patient in seeking to reestablish a relationship with her children. The mother's testimony was supported by letters from two of her therapists, who stated that the mother had successfully completed the rehabilitation program, had consistently tested negative for drugs and alcohol, and had readily participated in therapy. After the hearing, the Family Court granted the mother's amended petition to the extent of awarding her therapeutic visitation with the children. The father appeals.
An existing visitation order may be modified only "upon a showing that there has been a subsequent change of circumstances and modification is required" (Family Ct Act § 467[b][ii]; see Matter of Boggio v Boggio, 96 AD3d 834; Galanti v Kraus, 85 AD3d 723). The paramount concern in any visitation determination is the best interests of the child, under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167; Friederwitzer v Friederwitzer, 55 NY2d 89; Matter of Skeete v Hamilton, 78 AD3d 1187). The determination of visitation is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Orellana v Orellana, 112 AD3d 720; Matter of Fulmer v Buxenbaum, 109 AD3d 822; Matter of Haimovici v Haimovici, 73 AD3d 1058). A noncustodial parent should have reasonable rights of visitation, and the denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that visitation would be detrimental to the child (see Cervera v Bressler, 90 AD3d 803; Matter of Lane v Lane, 68 AD3d 995; Matter of Sinnott-Turner v Kolba, 60 AD3d 774).
Here, the determination of the Family Court that therapeutic visitation between the mother and the children was in the children's best interests has a sound and substantial basis in the record (see Matter of Castagnola v Muller, 105 AD3d 954; Matter of Thompson v Yu-Thompson, 41 AD3d 487). Contrary to the father's contention, the court did not fail to take the children's wishes into account. Although a child's views should be considered, they are not controlling (see Matter of Ross v Ross, 86 AD3d 615; Matter of Bond v MacLeod, 83 AD3d 1304; Matter of Burola v Meek, 64 AD3d 962; Matter of Cornell v Cornell, 8 AD3d 718).
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court