Matter of Jackson v Wylie-Tunstall (2018 NY Slip Op 01605)





Matter of Jackson v Wylie-Tunstall


2018 NY Slip Op 01605


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2017-00639
 (Docket Nos. V-10620-10/13B, V-10620-10/13C)

[*1]In the Matter of Vincent L. Jackson, appellant, 
v
Carol Wylie-Tunstall, respondent.


Salvatore C. Adamo, New York, NY, for appellant.
Del Atwell, East Hampton, NY, for respondent.
Kenneth J. Molloy, Central Islip, NY, attorney for the child.



DECISION & ORDER
Appeal from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated December 1, 2016. The order, insofar as appealed from, after a hearing, granted the father's amended petition for visitation only to the extent of awarding him visitation with the parties' child by means of written letters sent to the mother's address.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The father, who is incarcerated, petitioned for visitation with the parties' child. After a hearing on the father's amended petition for visitation, the Family Court granted the amended petition only to the extent of awarding the father visitation by means of written letters sent to the mother's address. The father appeals.
The paramount concern when making a visitation determination is the best interests of the child under the totality of the circumstances (see Matter of LaChere v Maliszweski, _____ AD3d _____, 2018 NY Slip Op 00147 [2d Dept 2018]; Matter of Torres v Pascuzzi-Corniel, 125 AD3d 675). Since visitation determinations necessarily depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the Family Court's findings, which should not be set aside unless they lack a sound and substantial basis in the record (see Matter of Clarke v Wiltshire, 145 AD3d 776, 777; Matter of Pierre v Dal, 142 AD3d 1021, 1023).
Here, the child, who was 13 years old at the time of the hearing, had not seen the father since she was an infant and did not want any contact with him. The father did not seek visitation when a custody order was entered on his consent, and the record does not evince any substantial efforts on his part to form a relationship with the child. Moreover, the father's family arranged a telephone call between the child and the father, with whom the child had not spoken since she was three or four years old, without the mother's knowledge or consent, and the father wrote the child letters in which he made inappropriate comments about the child's stepfather, with whom the child has a good relationship. Under these circumstances, the Family Court's determination to grant [*2]the amended petition only to the extent of awarding the father visitation by means of written letters sent to the mother's address had a sound and substantial basis in the record.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court