Matter of Mackauer v Meyers (2020 NY Slip Op 03786)





Matter of Mackauer v Meyers


2020 NY Slip Op 03786


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-03777
 (Docket Nos. V-561-10, V-562-10)

[*1]In the Matter of Patricia Mackauer, appellant,
v
Glen Meyers, et al., respondents.


Patricia Mackauer, Staten Island, NY, appellant pro se.
Scott M. Schwartz, Staten Island, NY, for respondent Luann Cipoletti.
Janet E. Sabel, New York, NY (Dawne A. Mitchell, Amy Hausknecht, and Siri Kagan of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the maternal grandmother appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated March 6, 2019. The order, without a hearing, in effect, granted the application of the children, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the maternal grandmother's petitions to modify an order of visitation dated January 10, 2017.
ORDERED that the order dated March 6, 2019, is affirmed, without costs or disbursements.
A party seeking a modification of an existing visitation agreement has the burden of showing a subsequent change in circumstances, so that modification is required to protect the best interests of the child (see Matter of Newton v McFarlane, 174 AD3d 67, 76; Henrie v Henrie, 163 AD3d 927, 928; Matter of Feliciano v King, 160 AD3d 854, 855; Matter of Miller v Shaw, 160 AD3d 743, 744). A party is not automatically entitled to a hearing, but rather must make some evidentiary showing of a change in circumstances demonstrating a need for a change in visitation in order to ensure the child's best interests (see Henrie v Henrie, 163 AD3d at 928). "In determining whether such a change has occurred, the court should consider the totality of the circumstances" (Matter of Newton v McFarlane, 174 AD3d at 77). Here, the maternal grandmother failed to make the requisite evidentiary showing of a change in circumstances sufficient to warrant a hearing (see id.; Henrie v Henrie, 163 AD3d at 928; Matter of Perez v Richmond, 148 AD3d 904). Accordingly, we agree with the Family Court's determination to grant, without a hearing, the application of the children, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the maternal grandmother's petitions to modify a prior order of visitation.
The maternal grandmother's remaining contentions are without merit.
MASTRO, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court