Matter of Hood v Rivera (2020 NY Slip Op 07381)





Matter of Hood v Rivera


2020 NY Slip Op 07381


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2020-00450
 (Docket No. V-1836-15/19B)

[*1]In the Matter of Corbett Hood, appellant,
v
Lynette Rivera, respondent.


Richard Cardinale, Brooklyn, NY, for appellant.
Daniel P. Moskowitz, Glen Head, NY, for respondent.
Marion C. Perry, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Alexandra Byun, Ct. Atty. Ref.), dated December 2, 2019. The order, after a hearing, dismissed the father's petition to modify a prior order of custody and parental access of the same court (Arnold Lim, J.) dated February 14, 2018, so as to award him overnight parenting time with the parties' child.
ORDERED that the order dated December 2, 2019, is affirmed, without costs or disbursements.
In April 2015, the mother filed a petition for sole physical and legal custody of the parties' child. In an order dated February 14, 2018, the Family Court granted the mother's petition, with parenting time to the father on alternating Saturdays from 10:00 a.m. to 6:00 p.m. In March 2019, the father filed a petition to modify the order dated February 14, 2018, so as to award him certain overnight parenting time with the child.
At a hearing, the father testified that at the time the prior order of custody and parental access dated February 14, 2018, was issued, he had not completed certain services required in connection with a prior neglect proceeding involving another child, and that he had since completed all the required services. On cross-examination, the father indicated that he had completed certain required services prior to the issuance of the order dated February 14, 2018, including a batterer's accountability program, a parenting class, a psychiatric evaluation, and therapy. The father did not specify which services he was still required to complete as of February 14, 2018, or which services he completed after that date. In an order dated December 2, 2019, the Family Court dismissed the father's modification petition. The father appeals.
"A party seeking modification of an existing order of custody or parental access must demonstrate that there has been a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Fitzgerald v Fitzgerald, 172 AD3d 713, 714). "In determining whether such a change has occurred, the court should consider the totality of the circumstances" (Matter of Newton v McFarlane, 174 AD3d 67, 77). "Since any determination [*2]related to custody and parental access depends upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Fitzgerald v Fitzgerald, 172 AD3d at 714).
Here, the father failed to set forth any evidence as to which, if any, services he completed after the issuance of the prior order of custody and parental access dated February 14, 2018, or to present any evidence showing that a change in circumstances warranted modification of the prior order to ensure the best interests of the child (see Matter of Hugee v Gadsden, 172 AD3d 863, 864; Matter of New v Sharma, 163 AD3d 675; 676).
The father's remaining contention is without merit.
Accordingly, we agree with the Family Court's determination to dismiss the father's modification petition.
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court