Matter of Donkor v Donkor (2021 NY Slip Op 05699)





Matter of Donkor v Donkor


2021 NY Slip Op 05699


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2019-00192 
2019-01100
 (Docket Nos. V-1113/1115-2014/2016A, V-1113/1115-2014/2018A, V-1113/1115-2014/2018D)

[*1]In the Matter of Alijca Donkor, respondent,
v
Maxwell Donkor, appellant.


Kiel Van Horn, Port Jervis, NY, for appellant.
Strauss and Kallus, PLLC, Goshen, NY (Barbara Strauss of counsel), for respondent.
Robert M. Rametta, Goshen, NY, attorney for the child Damian.
Kelli M. O'Brien, Goshen, NY, attorney for the child Ian.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from stated portions of (1) an order of the Family Court, Orange County (Carol S. Klein, J.), dated November 27, 2018, and (2) an amended order of the same court dated January 7, 2019. The orders, after a hearing, and upon findings of fact dated November 27, 2018, inter alia, granted the mother's petition to modify a final order of custody and visitation entered October 24, 2014, to the extent of limiting the father's visitation with the parties' youngest child to therapeutic visitation, and granted the mother's separate petition to relocate with the parties' children to Georgia.
ORDERED that the appeal from the order dated November 27, 2018, is dismissed, without costs or disbursements, as the portions of the order appealed from were superseded by the amended order dated January 7, 2019; and it is further,
ORDERED that the appeal from so much of the amended order dated January 7, 2019, as relates to the custody of and visitation with the parties' eldest son is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the amended order dated January 7, 2019, is affirmed insofar as reviewed, without costs or disbursements.
The parties were married in 2001 and have three children.
In April 2016, the mother filed a petition to modify a final order of custody and visitation entered October 24, 2014, by the Family Court, upon the consent of the parties, which (1) awarded the parties joint legal custody of the children, (2) awarded the mother primary residential custody of the children, and (3) awarded the father unsupervised visitation. The mother's [*2]modification petition sought, inter alia, sole custody of the children and to suspend the father's visitation with the children. In a separate petition filed in 2018, the mother sought permission to relocate with the children to Georgia. As is relevant to this appeal, in an order dated November 27, 2018 (hereinafter the November 2018 order), after a hearing, the court granted the mother's modification petition to the extent of limiting the father's visitation with the parties' youngest child to therapeutic visitation and granted the mother's petition for permission to relocate with the children to Georgia. In an amended order dated January 7, 2019 (hereinafter the amended order), the court granted the same relief set forth in the November 2018 order but amended the order to correct the docket number and include the Children's Bill of Rights. The father appeals from stated portions of the November 2018 order and the amended order.
Since the parties' eldest son is now over the age of 18, he is no longer subject to the custody and visitation provisions of the amended order (see Family Ct Act § 119[c]; Matter of Jermaine T. [Jairam T.], 193 AD3d 943, 945; Matter of Sullivan v Plotnick, 145 AD3d 1018, 1020). Thus, the appeal from so much of the amended order as relates to the parties' eldest son must be dismissed as academic.
The Family Court properly granted the mother's modification petition to the extent of limiting the father's visitation with the parties' youngest child to therapeutic visitation. An existing visitation order may be modified only "upon a showing that there has been a subsequent change of circumstances and modification is required" (Family Ct Act § 467[b][ii]; see Matter of Boggio v Boggio, 96 AD3d 834, 835). "'The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances'" (Matter of Tecza v Alija, 138 AD3d 872, 873, quoting Matter of Boggio v Boggio, 96 AD3d at 835). The determination of visitation is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Tecza v Alija, 138 AD3d at 873). Here, the court's determination that therapeutic visitation between the father and the youngest child was in the child's best interest has a sound and substantial basis in the record and will not be disturbed (see e.g. Matter of Castagnola v Muller, 105 AD3d 954, 955; see Matter of Tecza v Alija, 138 AD3d at 873).
Further, contrary to the father's contentions, the Family Court's determination that relocation was in the best interests of the children also has a sound and substantial basis in the record (see Matter of Jose v Guilford, 188 AD3d 1209, 1210; see e.g. Matter of Tropea v Tropea, 87 NY2d 727, 740-741).
The father's remaining contentions are without merit.
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court