Matter of Englert v Hilton (2022 NY Slip Op 03116)

Matter of Englert v Hilton

2022 NY Slip Op 03116

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-01424
 (Docket Nos. V-9721-15/20D, V-9722-15/20D)

[*1]In the Matter of Charles George Englert III, appellant, 
v
Amy Christine Hilton, respondent.

Law Office of Michael J. Alber, P.C., Huntington Station, NY (Christina Nankervis and Nicholas Arazoza of counsel), for appellant.
Sperber & Stein, LLP, Garden City, NY (Michelle S. Stein of counsel), for respondent.
Lisa Daniels, Lynbrook, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated December 14, 2020. The order, without a hearing, dismissed the father's petition to modify a prior order of the same court dated December 17, 2017, made on the consent of the parties, so as to extend his drop-off times to 8:30 p.m., to award him parental access with the parties' children from 8:00 p.m. on Christmas Eve through Christmas Day, all day, on alternating years with the mother, and to permit the father's girlfriend to drive the children during pick-ups and drop-offs on the condition that the father is present.
ORDERED that the order dated December 14, 2020, is affirmed, with costs.
The parties have two children in common. Pursuant to an order dated December 17, 2017, upon the parties' consent, the parties had joint legal custody of the children, and the mother had sole residential custody, with certain parental access to the father. In October 2020, the father filed a petition to modify the December 17, 2017 order so as to extend his drop-off times to 8:30 p.m., to award him parental access with the children from 8:00 p.m. on Christmas Eve through Christmas Day, all day, on alternating years with the mother, and to permit the father's girlfriend to drive the children during pick-ups and drop-offs on the condition that the father is present. In an order dated December 14, 2020, the Family Court, without a hearing, dismissed the father's petition. The father appeals.
An existing parental access order may be modified only "upon a showing that there has been a subsequent change of circumstances and modification is required" (Family Ct Act § 467[b][ii]; see Matter of Donkor v Donkor, 198 AD3d 892, 893). "'The paramount concern in any custody or [parental access] determination is the best interests of the child, under the totality of the circumstances'" (Matter of Tecza v Alija, 138 AD3d 872, 873, quoting Matter of Boggio v Boggio, 96 AD3d 834, 835). "The determination of [parental access] is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial [*2]basis in the record" (Matter of Donkor v Donkor, 198 AD3d at 893). Further, a party is not automatically entitled to a hearing, but rather must make some evidentiary showing of a change in circumstances demonstrating a need for a change in parental access in order to ensure the child's best interests (see Matter of Mackauer v Meyers, 185 AD3d 694, 695). Here, the father failed to make the requisite evidentiary showing of a change in circumstances sufficient to warrant a hearing (see id. at 695; Matter of Werner v Mazzenga, 174 AD3d 727, 729).
Accordingly, the Family Court properly dismissed the father's petition without a hearing.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court