Matter of Blackman v Barge (2022 NY Slip Op 04544)

Matter of Blackman v Barge

2022 NY Slip Op 04544

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
JOSEPH A. ZAYAS, JJ.

2021-00249
 (Docket Nos. V-1466-09/20J, V-14108-17/20A)

[*1]In the Matter of Amirah Blackman, appellant,
v
Reggie Barge, respondent.

Gloria Marchetti-Bruck, White Plains, NY, for appellant.
Nancy C. Nissen, White Plains, NY, for respondent.
Julie A. Cherico, White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (IDV Part) (Arthur J. Doran III, J.), dated December 24, 2020. The order denied, without a hearing, the mother's petition to modify an order of the same court dated September 9, 2019, so as to award her sole legal and physical custody of the parties' child or, alternatively, for unsupervised parental access with the parties' child, and denied her application for an extension of therapeutic supervised parental access with the child.
ORDERED that the order dated December 24, 2020, is affirmed, without costs or disbursements.
The parties, who were never married to each other, have one child, born in 2008. By order dated September 9, 2019, the Family Court granted, after a fact-finding hearing, the father's petition to modify a prior custody order so as to award him sole legal and physical custody of the child, and awarded the mother supervised therapeutic parental access with the child. In a decision and order, this Court affirmed that order insofar as appealed from by the mother (see Matter of Barge v Blackman, 195 AD3d 926).
In July 2020, the mother filed a petition to modify the September 9, 2019 order, so as to award her sole legal and physical custody of the child or, alternatively, for unsupervised parental access with the child. During a virtual proceeding conducted on October 29, 2020, on that petition, the mother made an application for an extension of therapeutic supervised parental access with the child. In an order dated December 24, 2020, the Family Court denied, without a hearing, the mother's petition and application. The mother appeals.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child" (Matter of Werner v Mazzenga, 174 AD3d 727, 728 [internal quotation marks omitted]; see Matter of Newton v McFarlane, 174 AD3d 67, 76). "A party seeking a change in . . . custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant [*2]a hearing" (Matter of Werner v Mazzenga, 174 AD3d at 728-729 [internal quotation marks omitted]; see Matter of Scott v Powell, 146 AD3d 964, 965). Here, the mother's petition failed to allege a sufficient change in circumstances between the issuance of the September 9, 2019 order and the filing of her petition. Accordingly, the Family Court properly denied, without a hearing, that branch of the mother's petition which was to modify the September 9, 2019 order so as to award her sole legal and physical custody of the child (see Matter of Werner v Mazzenga, 174 AD3d at 728-729; Matter of Ali v Hines, 125 AD3d 851, 851-852).
An existing parental access order may be modified only upon a showing that there has been a subsequent change of circumstances and modification is required (see Matter of Englert v Hilton, 205 AD3d 807, 808; Matter of Johnson v Watson, 202 AD3d 681). The paramount concern in any parental access determination is the best interests of the child, under the totality of the circumstances (see Matter of Englert v Hilton, 205 AD3d at 808; Matter of Tecza v Alija, 138 AD3d 872, 873). A party is not automatically entitled to a hearing, but rather must make some evidentiary showing of a change in circumstances demonstrating a need for a change in parental access in order to ensure the child's best interests (see Matter of Englert v Hilton, 205 AD3d at 808). Here, the mother failed to make the requisite evidentiary showing of a change of circumstances sufficient to warrant a hearing with regard to that branch of her petition which was for unsupervised parental access with the child. Further, under the circumstances of this case, the Family Court's determination to deny the mother's application for an extension of therapeutic supervised parental access with the child will not be disturbed.
DUFFY, J.P., IANNACCI, RIVERA and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court