Matter of Barrow v Carcaterra (2022 NY Slip Op 06479)

Matter of Barrow v Carcaterra

2022 NY Slip Op 06479

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-06763
 (Docket Nos. V-367-18/18A/18B/19C/19D/20E, V-368-18/18A/18B/19C/19D/20E, O-1110-18, V-797-19, V-798-19)

[*1]In the Matter of Hassan Barrow, appellant,
v
Lauren Carcaterra, respondent. (Proceeding Nos. 1-4)
In the Matter of Lauren Carcaterra, respondent,
v
Hassan Barrow, appellant. (Proceeding Nos. 5-8)

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Joan Iacono, Scarsdale, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from an order of the Family Court, Putnam County (Anthony R. Molé, J.), dated August 26, 2021. The order, insofar as appealed from, after a hearing, denied the father's petitions to modify an order of the same court (James T. Rooney, J.) dated July 20, 2018, so as to award him sole legal and physical custody of the parties' children and granted the mother's petition to modify the order dated July 20, 2018, so as to suspend the father's parental access to the extent of limiting the father's parental access to therapeutic supervised parental access.
ORDERED that the order dated August 26, 2021, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of twins born in 2016. Pursuant to an order dated July 20, 2018, issued on consent of the parties, the parties shared joint legal custody of the children, the mother had residential custody of the children, and the father had certain parental access. The father subsequently filed two petitions to modify the order dated July 20, 2018, so as to award him sole legal and physical custody of the children, and the mother filed a petition to modify the order dated July 20, 2018, so as to suspend the father's parental access. After a fact-finding hearing, the Family Court, inter alia, denied the father's petitions and granted the mother's petition to the extent of limiting the father's parental access to therapeutic supervised parental access. The father appeals.
In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances such that modification is required to protect the best interests of the children (see Henrie v Henrie, 163 AD3d 927, 928). The best interests of the children must be determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 174). "Factors to be considered include the quality of the home environment and the parental [*2]guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Kreischer v Perry, 83 AD3d 841, 841; see Eschbach v Eschbach, 56 NY2d at 172-174). "Since custody determinations turn in large part on assessments of the credibility, character, temperament and sincerity of the parties, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Lashlee v Lashlee, 161 AD3d 843, 843). Here, the Family Court's determination denying the father's petitions to modify the order dated July 20, 2018, so as to award him sole legal and physical custody of the children has a sound and substantial basis in the record and will not be disturbed (see Eschbach v Eschbach, 56 NY2d at 174).
Further, the Family Court's determination that therapeutic supervised parental access was in the best interests of the children has a sound and substantial basis in the record and will not be disturbed (see Matter of Torres v Ojeda, 108 AD3d 570, 571).
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court