Matter of Daclin-Goyatton v Cousins (2024 NY Slip Op 01305)

Matter of Daclin-Goyatton v Cousins

2024 NY Slip Op 01305

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-08495
 (Docket No. V-9829-18/20)

[*1]In the Matter of Thierry Daclin-Goyatton, appellant, 
v
Charlotte Cousins, respondent.

Abbe Shapiro, Mount Sinai, NY, for appellant.
The Law Office of Robert G. Venturo, P.C., Patchogue, NY, for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (George F. Harkin, J.), dated October 15, 2021. The order, insofar as appealed from, after a hearing, denied the father's petition to modify the custody provisions of a foreign judgment so as to award him sole legal and residential custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties have one child together, born in 2014. The father, who is a native of France, commenced a custody proceeding in France against the mother, who resided in Suffolk County. On April 3, 2018, a French court issued a judgment, inter alia, awarding the parties joint legal custody of the child, with primary residential custody to the mother.
In December 2018, the father filed a petition in the Family Court, Suffolk County, to modify the custody provisions of the judgment so as to award him sole legal and residential custody of the child. By order dated October 15, 2021, the Family Court, after a hearing, denied the petition. The father appeals.
"'In order to modify an existing custody or parental access arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child'" (Matter of Johnson v McWilliams, 212 AD3d 620, 621, quoting Matter of LaPera v Restivo, 202 AD3d 788, 789). In any custody determination, "[t]he paramount concern . . . is the best interests of the child, under the totality of the circumstances" (Matter of Blackman v Barge, 207 AD3d 537, 539; see Matter of Englert v Hilton, 205 AD3d 807, 808). Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Bristow v Patrice, 221 AD3d 684, [*2]685; Matter of Langenau v Hargrove, 198 AD3d 650, 651-652; Matter of Henry v Fiala, 184 AD3d 562, 563).
Here, the Family Court's determination denying the father's petition to modify the custody provisions of the judgment so as to award him sole legal and residential custody of the child has a sound and substantial basis in the record and will not be disturbed (see Eschbach v Eschbach, 56 NY2d 167, 174; Matter of Ramsey v Faustin, 213 AD3d 942; Matter of Barrow v Carcaterra, 210 AD3d 889, 890-891; Matter of Picitelli v Carbone, 208 AD3d 582).
IANNACCI, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court