Matter of Hood v Rivera (2025 NY Slip Op 00860)

Matter of Hood v Rivera

2025 NY Slip Op 00860

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-05329
 (Docket No. V-1836-15/21D)

[*1]In the Matter of Corbett Hood, appellant, 
v
Lynette Rivera, respondent.

Francine Scotto, Staten Island, NY, for appellant.
Daniel P. Moskowitz, Jamaica, NY, for respondent.
Richard L. Herzfeld, New York, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Alexandra Byun, Ct. Atty. Ref.), dated May 31, 2023. The order, without a hearing, dismissed the father's petition to modify an order of the same court (Arnold Lim, J.) dated February 14, 2018, so as to award the father overnight parental access with the parties' child, without prejudice.
ORDERED that the order dated May 31, 2023, is affirmed, without costs or disbursements.
The parties have one child in common. Pursuant to an order dated February 14, 2018, the Family Court granted the mother sole legal and residential custody of the child, with certain parental access to the father. In March 2019, the father filed a petition to modify the order dated February 14, 2018, so as to award him overnight parental access with the child. By order dated December 2, 2019, the court dismissed the father's petition, finding that the father failed to establish a change of circumstances. The father appealed to this Court. By decision and order dated December 9, 2020, this Court affirmed the Family Court's order (see Matter of Hood v Rivera, 189 AD3d 1044).
In September 2021, the father filed another petition seeking to modify the order dated February 14, 2018, so as to award him overnight parental access with the child. The father alleged that there had been a change in circumstances since the entry of the order dated February 14, 2018. In an order dated May 31, 2023, the Family Court, without a hearing, dismissed the father's petition, without prejudice. The father appeals.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child" (Matter of Blackman v Barge, 207 AD3d 537, 538 [internal quotation marks omitted]; see Matter of Englert v Hilton, 205 AD3d 807, 808). "The determination of [parental access] is entrusted to the sound discretion of the Family Court, and such determination will not be set aside [*2]unless it lacks a sound and substantial basis in the record" (Matter of Englert v Hilton, 205 AD3d at 808 [internal quotation marks omitted]).
"Modification is available only where there has been a sufficient change in circumstances since the order or judgment sought to be modified was made" (Matter of Hugee v Gadsden, 172 AD3d 863, 865; see Matter of Capruso v Kubow, 226 AD3d 680, 683). "For that reason, modification hearings are generally limited to events occurring after the conclusion of the last hearing or proceeding, although the trial courts have discretion to hear evidence of prior conduct in appropriate circumstances" (Matter of Hugee v Gadsden, 172 AD3d at 865 [citations omitted]).
"Entitlement to a hearing on a modification petition . . . is not automatic; the petitioning parent must make a threshold evidentiary showing of a change in circumstances demonstrating a need for modification in order to insure the child's best interests" (Matter of Capruso v Kubow, 226 AD3d at 683 [internal quotation marks omitted]; see Matter of Newton v McFarlane, 174 AD3d 67, 77).
As an initial matter, to the extent the Family Court dismissed the father's petition on the ground that it was barred by the doctrine of res judicata, it did so in error (see Matter of Hugee v Gadsden, 172 AD3d at 865; Matter of Estevez v Perez, 123 AD3d 707, 708).
The father, however, failed to make the requisite evidentiary showing of a change in circumstances sufficient to warrant a hearing (see Matter of Stone v Weinberg, 216 AD3d 1171, 1171; Matter of Blackman v Barge, 207 AD3d at 539; Matter of Englert v Hilton, 205 AD3d at 808; Matter of Alphonse v Alphonse, 189 AD3d 1028, 1029). Accordingly, the Family Court properly dismissed the father's petition without a hearing.
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court