Matter of Dionis F. v Daniela Z. (2026 NY Slip Op 00894)

Matter of Dionis F. v Daniela Z.

2026 NY Slip Op 00894

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-11751
 (Docket No. V-9002-21)

[*1]In the Matter of Dionis F. (Anonymous), petitioner-respondent, 
vDaniela Z. (Anonymous), respondent-respondent; Dionel F. (Anonymous), nonparty-appellant.

Richard E. Silverberg, Forest Hills, NY, attorney for the child, the nonparty-appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the subject child appeals from an order of the Family Court, Queens County (Jaimee L. Nelsen, Ct. Atty. Ref.), dated October 8, 2024. The order, insofar as appealed from, awarded the father certain parental access with the child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The relevant factual and procedural history are set forth in a prior decision and order of this Court (see Matter of Dionis F. v Daniela Z., 229 AD3d 624), which determined a prior appeal by the child in this proceeding. Insofar as relevant here, the parties resolved the father's petition for parental access with the child pursuant to a stipulation of settlement so-ordered by the Family Court. In the prior appeal, this Court determined that remittal was necessary for the Family Court to conduct an in camera interview with the child before making any determination as to what parental access would be in the child's best interests (see id. at 625-626).
Following remittal, the Family Court conducted an in camera interview with the child and, thereafter, in an order dated October 8, 2024, again approved the parties' stipulation of settlement and awarded the father certain parental access with the child. The child appeals.
Notwithstanding the child's objections, after conducting an in camera interview with the child, the Family Court had sufficient information to assess the child's best interests and the child had a full and fair opportunity to be heard (see id. at 625; Matter of Kylie P. [Carlos P.—Karen G.], 213 AD3d 463, 463). Furthermore, the court's determination with respect to the father's parental access had a sound and substantial basis in the record and, therefore, will not be disturbed (see Matter of Cruz v Williams, 239 AD3d 847, 848; Matter of Barrow v Carcaterra, 210 AD3d 889, 891).
The child's remaining contention is without merit.
Accordingly, we affirm the order insofar as appealed from.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court